Jonathan K. Cooperman (JC 1804)
Matthew D. Marcotte (MM 1530)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York NY 10178
(212) 808-7800
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NSI INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>-against-<br><br>BIG IDEAS MARKETING, INC.<br><br>Defendant. | CASE NO.  O7 cv 1019 (NRB)<br><br>**COMPLAINT** |

Plaintiff, NSI INTERNATIONAL, INC., as and for its Complaint against the
above-named defendants alleges, upon knowledge as to its own acts and upon information and
belief as to all other matters, as follows:

## THE PARTIES

1.      Plaintiff NSI International, Inc. ("NSI") is a Delaware corporation with its
principal place of business located at 105 Price Parkway, Farmingdale, NY 11735.

2.      Upon information and belief, defendant Big Ideas Marketing, Inc. ("Big
Ideas") is a corporation organized under the laws of the State of Maryland with a place of
business located at 10315 South Dolfield Road, Suite D, Owings Mills MD 21117.

## JURISDICTION AND VENUE

3.      This is an action for: (i) unfair competition, trademark infringement, trade
dress infringement and false designation of origin under Section 43(a) of the Trademark Act of
1946 (15 U.S.C. § 1051, *et seq.*, as amended (the "Lanham Act")) 15 U.S.C. § 1125(a), (ii)
infringement of federally registered trademarks in violation of Section 32(1) of the Lanham Act,

15 U.S.C. § 1114(1), (iii) dilution of the distinctive quality of Plaintiff's famous and distinctive trademarks and trade dress in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), (iv) violations of New York General Business Law §§ 349 and 360-l; and (v) substantial and related claims of unfair competition under the common law.

4.     This Court has jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b) as it involves substantial claims arising under the Lanham Act, combined with substantial and related claims for trademark infringement, unfair competition and unfair business practices under state law.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) as Big Ideas may be found or transact affairs in this District, and the claims alleged arose and are continuing to occur within this District and elsewhere.

## FACTS COMMON TO ALL CLAIMS

### Plaintiff's Business and the IMAGINE NATION Product Line

6.     NSI is one of America's leading producers of high quality educational hobby and craft kits for children.

7.     Since at least as early as 1998, and long prior to the acts of defendant complained of herein, NSI adopted and has continued to use the trademark IMAGINE NATION in connection with the production, advertising, distribution, and sale of hobby and craft kit products in interstate commerce throughout the United States, including the State of New York. Since the adoption and first use of the IMAGINE NATION trademark as aforesaid, NSI has continuously used said mark by prominently displaying it on the packaging for hobby and craft kits which have been advertised, promoted, offered for sale and sold in interstate commerce in the United States, including the State of New York.

8.     NSI is the owner of U.S. Registration No. 2,345,988 for the mark IMAGINE NATION for "hobby craft sets for making jewelry, crystals, artificial flowers, rock characters, textile products, san designs, embossed metal pictures, pottery, candles, scratch

pictures, candles, and sea shell novelties." This registration is valid and in full force and effect, and has become incontestable by virtue of filing of the requisite affidavits.

9.      Since long prior to the acts of defendant complained of herein, NSI adopted and has continued to use the trademark NSI & Design in connection with the production, advertising, distribution, and sale of hobby and craft kit products in interstate commerce throughout the United States, including the State of New York. Since the adoption and first use of the NSI & Design trademark as aforesaid, NSI has continuously used said mark by prominently displaying it on the packaging for hobby and craft kits which have been advertised, promoted, offered for sale and sold in interstate commerce in the United States, including the State of New York.

10.      NSI is the owner of U.S. Registration No. 2,277,722 for the mark NSI & Design for "full line of children's craft, hobby and science activity sets." This registration is valid and in full force and effect, and has become incontestable by virtue of filing of the requisite affidavits.

11.      Since at least 1998, NSI adopted and used and has continued to use a packaging trade dress for its IMAGINE NATION line of hobby and craft kit products (the "IMAGINE NATION Trade Dress") comprised of:

(a)      A picture of the finished craft product at the center of the front of the box, with the title of the specific hobby kit above that picture;

(b)      An arched border at the top and bottom of the box's front featuring a stripe pattern; and

(c)      The name and mark NSI & Design at the lower right hand corner of the box.

Hobby and craft kits featuring the IMAGINE NATION Trade Dress have been offered for sale and sold since at least 1998 by NSI throughout the United States, including the State of New

York. Since the adoption and first use of the IMAGINE NATION Trade Dress as aforesaid, NSI has continuously used said trade dress for the packaging of its hobby and craft kit products distributed in interstate commerce in the United States, including the State of New York.

12.     In addition, each of NSI's individual hobby and craft kits bears a distinctive name designed to distinguish that hobby and craft kit from other NSI hobby and craft kits. These distinctive names include CRYSTAL TATTOOS & JEWELRY, SASSY SEQUIN PURSES, METALLIC BEAD PETS, MAKE YOUR OWN BLING BLING, GROOVY DOLL, CHUNKY BEAD BRACELETS, GLITTER GLASS, ROCK & GEM DIG, WRIST WRITERS, BUTTON BLAST, and DENIM POCKET BOOKS ("The NSI Product Names"). Since the adoption and first use of the NSI Product Names as aforesaid, NSI has continuously used the NSI Product Names by prominently displaying them on the packaging for hobby and craft kits which have been advertised, promoted, offered for sale and sold in interstate commerce in the United States, including the State of New York.

13.     NSI is the owner of U.S. Registration No. 2,436,498 for the mark GLITTER GLASS for " children's activity sets primarily consisting of glass bottles, paint, paintbrush, and rhinestones." This registration is valid and in full force and effect.

14.     NSI is the owner of U.S. Registration No. 2,388,464 for the mark BEAD PETS for "toys, namely, hobby craft kits for making bead key chains." This registration is valid and in full force and effect.

15.     The dollar amount of sales in the United States from the sale of hobby and craft kit products featuring (i) the name and mark IMAGINE NATION, (ii) the name and mark NSI & Design, (iii) the IMAGINE NATION Trade Dress, and (iv) the NSI Product Names since their original adoption and use are well in excess of many millions of dollars.

16.     NSI has been careful, skillful and meticulous in the conduct of its business and as a result of its efforts hobby and craft kit products featuring (i) the name and mark IMAGINE NATION, (ii) the name and mark NSI & Design, (iii) the IMAGINE NATION Trade Dress, and (iv) the NSI Product Names are of excellent quality.

17.    As a consequence, and as a result of the substantial sales and extensive advertising and promotion of its hobby and craft kit products, hobby and craft kit products featuring (i) the name and mark IMAGINE NATION, (ii) the name and mark NSI & Design, (iii) the IMAGINE NATION Trade Dress, and (iv) the NSI Product Names have acquired a fine reputation, and are famous among prospective purchasers of hobby and craft kits throughout the United States.  The public has used and now uses (i) the name and mark IMAGINE NATION, (ii) the name and mark NSI & Design, (iii) the IMAGINE NATION Trade Dress, and (iv) the NSI Product Names to identify NSI and its goods and to distinguish NSI and its goods from the goods offered by others, and hobby and craft kit products featuring (i) the name and mark IMAGINE NATION, (ii) the name and mark NSI & Design, (iii) the IMAGINE NATION Trade Dress, and (iv) the NSI Product Names have acquired an outstanding celebrity and symbolize and embody the goodwill rightfully belonging exclusively to NSI.

Big Ideas' Acts of Infringement

18.    Upon information and belief, Big Ideas is engaged in the business of importing plush toys, novelties, greeting cards and other products.

19.    Upon information and belief, Big Ideas produces, creates, manufactures (or causes to be manufactured), distributes, imports, supplies and wholesales toys and games.

20.    The products manufactured by or on behalf of Big Ideas are, upon information and belief, produced and sold by Big Ideas to various toy stores and other enterprises throughout the United States, including in the State of New York.

21.    Big Ideas, as a result of its long involvement with the toy industry, was aware that the IMAGINE NATION product line was designed by NSI and manufactured on behalf of NSI using specifications, templates, plates, molds, matrices, graphics and artwork owned by NSI and that NSI owned trademark, trade dress and other proprietary claims in the packaging and names associated with the IMAGINE NATION product line, including (i) the name and mark IMAGINE NATION, (ii) the name and mark NSI & Design, (iii) the IMAGINE NATION Trade Dress, and (iv) the NSI Product Names.

22.     In an effort to unfairly compete with NSI in the hobby and craft kit market, Big Ideas, either directly or through its agents or affiliates, upon information and belief, in or about 2006 knowingly, willfully and slavishly set out to copy the IMAGINE NATION product line or caused the IMAGINE NATION product line to be copied.

23.     Big Ideas, upon information and belief, knowingly caused counterfeit versions of the IMAGINE NATION product line to be manufactured at the same facilities which had long produced the IMAGINE NATION product line.

24.     Big Ideas, upon information and belief, knowingly produced or caused their counterfeit versions of the IMAGINE NATION product line to be produced using specifications, templates, plates, molds, matrices, graphics and artwork owned by NSI.

25.     As part of Big Ideas' scheme to produce counterfeit versions of the IMAGINE NATION product line, Big Ideas, upon information and belief, has created, manufactured, produced, sourced, or otherwise obtained eleven (11) separate products corresponding to the IMAGINE NATION product line (collectively identified herein as the "Counterfeit Products").

26.     As set forth in detail below, the product trade dress for each of the Counterfeit Products (which trade dress is collectively identified herein as the "Counterfeit Product Designs") directly appropriates and is identical to the designs used in connection with the IMAGINE NATION product line.

27.     As part of Big Ideas' scheme to produce counterfeit versions of the IMAGINE NATION product line, Big Ideas, upon information and belief, has created and produced (or caused to be created and produced) packaging for the Counterfeit Products using specifications, templates, plates, molds, matrices, graphics and artwork owned by NSI.

28.     As set forth in detail below, the packaging for the Counterfeit Products (collectively identified herein as the "Infringing Trade Dress") copies the IMAGINE NATION trade dress.

29.     The Infringing Trade Dress advertises, offers for sale and sells the Counterfeit Products using photographs of the IMAGINE NATION product line.

30.     The Counterfeit Products have been given names identical to the NSI Product Names, copying the NSI Product Names.

31.     Big Ideas' Counterfeit Products are substantially identical to NSI's IMAGINE NATION product line.  The Counterfeit Products are direct copies of NSI's IMAGINE NATION product line: they use packaging designs that are substantially identical to the IMAGINE NATION Trade Dress, featuring the same borders and striping patterns.  Indeed, almost every element of the front of the packaging for Big Ideas' counterfeit products is a precise copy of NSI's product, in some cases, even including the NSI logo.

32.     Evidencing its intent herein, Big Ideas lifted the packaging wholesale, including the photographs, text styles, box text, and related materials.  This is demonstrated through an examination of the products themselves:

## CRYSTAL TATTOOS & JEWELRY

**Genuine NSI Product**





**Counterfeit Big Ideas Product**



### SASSY SEQUIN PURSES

**Genuine NSI Product**



**Counterfeit Big Ideas Product**



## METALLIC BEAD PETS

**Genuine NSI Product**



**Counterfeit Big Ideas Product**



## MAKE YOUR OWN BLING BLING

**Genuine NSI Product**



**Counterfeit Big Ideas Product**



## GROOVY DOLL

**Genuine NSI Product**



**Counterfeit Big Ideas Product**



## CHUNKY BEAD BRACELETS

**Genuine NSI Product**



**Counterfeit Big Ideas Product**



# GLITTER GLASS

**Genuine NSI Product**



**Counterfeit Big Ideas Product**



## WRIST WRITERS

**Genuine NSI Product**



**Counterfeit Big Ideas Product**



# BUTTON BLAST

**Genuine NSI Product**



**Counterfeit Big Ideas Product**



# DENIM POCKET BOOKS

**Genuine NSI Product**



**Counterfeit Big Ideas Product[1]**



---

[1] This photograph is only partial because only this part of the packaging was visible. Notably, the visible portion of the packaging is identical to NSI's.

## FIRST CLAIM FOR RELIEF

Lanham Act – Registered Trademark Infringement

33.     Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 32 with the same force and effect as if here fully set forth.

34.     Big Ideas' unauthorized and willful use of a copy, variation, reproduction, simulation or colorable imitation of NSI's registered marks IMAGINE NATION, NSI & Design, BEAD PETS, and GLITTER GLASS for its hobby and craft kits constitutes use in commerce which infringes NSI's exclusive rights in its federally-registered marks and is likely to cause confusion, mistake or deception as to the source of Big Ideas' hobby and craft kits.

35.     The aforesaid acts of Big Ideas, namely the use of the identical names "IMAGINE NATION," "NSI & Design," "BEAD PETS," and "GLITTER GLASS" in connection with the advertising, offering for sale and sale of hobby and craft kits, constitute trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

36.     The aforesaid acts of Big Ideas have caused and, unless said acts are restrained by this Court, will continue to cause NSI irreparable injury.

37.     NSI has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

Lanham Act – Trademark Counterfeiting

38.     Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 37 with the same force and effect as if here fully set forth.

39.     Big Ideas' Counterfeit Products use non-genuine marks that are identical to Plaintiff's registered trademarks IMAGINE NATION, NSI & Design, BEAD PETS, and GLITTER GLASS.  Big Ideas' use of a non-genuine mark is likely to cause confusion, mistake or deception as to the source of Big Ideas' hobby and craft kits.

40.     The unauthorized use of the IMAGINE NATION, NSI & Design, BEAD PETS, and GLITTER GLASS marks constitutes trademark counterfeiting, with consequent damages to NSI and the substantial business and goodwill symbolized by the IMAGINE

NATION, NSI & Design, BEAD PETS, and GLITTER GLASS marks in violation of Section 35 of the Lanham Act, 15 U.S.C. § 1117(c).

41.    The aforesaid acts of Big Ideas have caused and, unless said acts are restrained by this Court, will continue to cause NSI irreparable injury.

42.    NSI has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

#### Lanham Act – Trademark Infringement and Unfair Competition

43.    Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 42 with the same force and effect as if here fully set forth.

44.    The unauthorized use by Big Ideas of the NSI Product Names on and in connection with the Counterfeit Products conveys the misleading commercial impression to the public that Big Ideas' products are approved by, sponsored by or is somehow affiliated or connected with NSI.

45.    The aforesaid acts of Big Ideas constitute trademark infringement, unfair competition, false designation or origin, and false or misleading representations of fact in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46.    The aforesaid acts of Big Ideas have caused and, unless said acts are restrained by this Court, will continue to cause NSI irreparable injury.

47.    NSI has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF

#### Lanham Act – Trade Dress Passing Off

48.    Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 47 with the same force and effect as if here fully set forth.

49.    Use by Big Ideas of the Infringing Trade Dress on and in connection with the Counterfeit Products conveys the misleading commercial impression to the public that Big Ideas' counterfeit products are approved by, sponsored by or is somehow affiliated or connected with NSI.

50.     The aforesaid acts of Big Ideas constitute use in connection with the sale of goods of a false designation of origin and false descriptions and representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51.     The aforesaid acts of Big Ideas have caused and, unless said acts are restrained by this Court, will continue to cause NSI irreparable injury.

52.     NSI has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

### Lanham Act – Dilution

53.     Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 52 with the same force and effect as if here fully set forth.

54.     Use by Big Ideas of the names "IMAGINE NATION," "NSI & Design," "CRYSTAL TATTOOS & JEWELRY," "SASSY SEQUIN PURSES," "METALLIC BEAD PETS," "MAKE YOUR OWN BLING BLING," "GROOVY DOLL," "CHUNKY BEAD BRACELETS," "GLITTER GLASS," "ROCK & GEM DIG," "WRIST WRITERS," "BUTTON BLAST," and "DENIM POCKET BOOKS" on and in connection with the Counterfeit Products has and will continue to lessen the capacity of NSI's famous and distinctive marks IMAGINE NATION, NSI & Design, CRYSTAL TATTOOS & JEWELRY, SASSY SEQUIN PURSES, METALLIC BEAD PETS, MAKE YOUR OWN BLING BLING, GROOVY DOLL, CHUNKY BEAD BRACELETS, GLITTER GLASS, ROCK & GEM DIG, WRIST WRITERS, BUTTON BLAST, and DENIM POCKET BOOKS to distinguish NSI's goods from those of others, and has diluted the distinctive quality of NSI's famous and distinctive marks IMAGINE NATION, NSI & Design, CRYSTAL TATTOOS & JEWELRY, SASSY SEQUIN PURSES, METALLIC BEAD PETS, MAKE YOUR OWN BLING BLING, GROOVY DOLL, CHUNKY BEAD BRACELETS, GLITTER GLASS, ROCK & GEM DIG, WRIST WRITERS, BUTTON BLAST, and DENIM POCKET BOOKS.

55.     The aforesaid acts of Big Ideas constitute dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

56.     The aforesaid acts of Big Ideas have caused and, unless said acts are restrained by this Court, will continue to cause NSI irreparable injury.

57.     NSI has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF

### Violation of New York General Business Law § 349

58.     Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 57 with the same force and effect as if here fully set forth.

59.     Big Ideas' foregoing acts constitute deceptive acts and business practices of a recurring nature and have caused, and will continue to cause, injury to the public at large, as well as Plaintiff, in violation of New York General Business Law § 349.

60.     Big Ideas' violation of New York General Business Law § 349 has caused Plaintiff to sustain monetary damage, loss and injury, in an amount to be determined at the time of trial.

61.     Big Ideas has engaged and continues to engage in this activity knowingly, deliberately, and willfully, so as to justify the assessment of increased and punitive damages against them, in an amount to be determined at the time of trial.

62.     The aforesaid acts of Big Ideas have caused, and unless said acts are restrained by this Court, will continue to cause Plaintiff to suffer irreparable injury.

63.     Plaintiff has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF

### Violations of New York General Business Law § 360-l

64.     Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 63 with the same force and effect as if here fully set forth.

65.     Big Ideas' activities are diluting and are likely to continue diluting Plaintiff's Trademarks and Trade Dress by blurring the distinctiveness thereof and tarnishing the quality of Plaintiff's intellectual property.  Big Ideas' actions also injure the business reputation of Plaintiff in violation of Plaintiff's rights under New York General Business Law § 360-l.

66.     Big Ideas' violations of New York General Business Law § 360-l have caused Plaintiff to sustain monetary damage, loss and injury, in an amount to be determined at trial.

67.     Big Ideas has engaged and continues to engage in this activity knowingly, deliberately, and willfully, so as to justify the assessment of increased and punitive damages against them, in an amount to be determined at the time of trial.

68.     The aforesaid acts of Big Ideas have caused, and unless said acts are restrained by this Court, will continue to cause Plaintiff to suffer irreparable injury.

69.     Plaintiff has no adequate remedy at law.

## EIGHTH CLAIM FOR RELIEF

### Common Law – Trademark/Trade Dress Infringement and Unfair Competition

70.     Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 69 of the Complaint as though set forth again in full.

71.     The aforesaid acts of Big Ideas constitute trademark and trade dress infringement, passing off and unfair competition in violation of Plaintiff's rights under the common law of the State of New York and the other States of the Union.

72.     The acts of Big Ideas have caused and, unless such acts are restrained by this Court, will continue to cause Plaintiff irreparable injury.

73.     Plaintiff has no adequate remedy at law.

## NINTH CLAIM FOR RELIEF

### Unjust Enrichment

74.    Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 73 of the Complaint as though set forth again in full.

75.    Based upon Big Ideas' violations of the Lanham Act, Big Ideas has been unjustly enriched.

76.    As a result of the above, Plaintiff has been damaged in an amount to be determined at trial.

## TENTH CLAIM FOR RELIEF

### Injunctive Relief

77.    Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1 through 76 of the Complaint as though set forth again in full.

78.    As a result of Big Ideas' activities in using any of Plaintiff's trade identities, in connection with the advertising, offering for sale or sale of non-NSI hobby and craft kits, Plaintiff has suffered harm and has been threatened with immediate irreparable harm and has no adequate remedy at law.

79.    To prevent the further use of (i) the name and mark IMAGINE NATION, (ii) the name and mark NSI & Design, (iii) the IMAGINE NATION Trade Dress, and (iv) the NSI Product Names from being used to sell, advertise and distribute non-NSI Products, Big Ideas should be enjoined from using (i) the name and mark IMAGINE NATION, (ii) the name and mark NSI & Design, (iii) the IMAGINE NATION Trade Dress, and (iv) the NSI Product Names.

80.    An injunction is necessary because it is the only way to prevent the erosion of the goodwill associated with (i) the name and mark IMAGINE NATION, (ii) the

name and mark NSI & Design, (iii) the IMAGINE NATION Trade Dress, and (iv) the NSI

Product Names.  Monetary compensation will fail to gully compensate Plaintiff for Big Ideas'

anticipated future violations and Plaintiff has no adequate remedy at law.  Further, it is difficult

to calculate the value of a customer's goodwill and lasting business relationships.

       81.     The balance of the hardships weights in favor of Plaintiff to grant the

requested injunction because to allow Big Ideas to continue in its present course of conduct will

permit Big Ideas to misappropriate (i) the name and mark IMAGINE NATION, (ii) the name and

mark NSI & Design, (iii) the IMAGINE NATION Trade Dress, and (iv) the NSI Product Names

for their own use; namely, to sell non-NSI Products.

       82.     Conversely, no harm will be done to Big Ideas because it will merely be

forced to do what it is legally obligated to do—respect NSI's intellectual property.

       83.     Additionally, the public interest will best be served by granting injunctive

relief, as it will prevent customers from being deceived into believing they are purchasing NSI

Products, when in fact they are purchasing non-NSI Products.  Customers have come to rely on

NSI's good name and business reputation and will continue to be deceived unless injunctive

relief issues.

       84.     Accordingly, Plaintiff is entitled to injunctive relief.

       WHEREFORE, NSI respectfully requests the following relief:

       1.     That Big Ideas and its directors, officers, agents, servants, employees,

attorneys, successors and assigns, and all persons in active concert or participation with them, or

any of them, be preliminarily and permanently enjoined and restrained from:

       (a)     using (i) the name and mark IMAGINE NATION, (ii) the name and mark

NSI & Design, (iii) the IMAGINE NATION Trade Dress, and (iv) the NSI Product Names, or

any name, mark, or trade dress so similar thereto as to be likely to cause confusion, to cause mistake or to deceive;

(b)    diluting the distinctive quality of (i) the name and mark IMAGINE NATION, (ii) the name and mark NSI & Design, (iii) the IMAGINE NATION Trade Dress, and (iv) the NSI Product Names; and

(c)    using any other false designation of origin or false description or representation or any other act or thing calculated or likely to cause confusion or mistake in the mind of the trade or the public, or to deceive the trade or public, into believing that any product of Big Ideas is in any way endorsed, sponsored, licensed or approved by NSI, or to otherwise injure the business reputation of NSI;

2.    That Big Ideas be directed to file with the Court and serve upon NSI within thirty (30) days after service of the injunction upon Big Ideas, a report in writing, under oath setting forth in detail the manner and form in which Big Ideas has complied with the injunction entered herein;

3.    That Big Ideas be ordered to deliver up to NSI for destruction all products, packaging, labels, stickers, signs, prints, wrappers, receptacles, advertisements and other written or printed material in their possession or control which bear the (i) the name and mark IMAGINE NATION, (ii) the name and mark NSI & Design, (iii) the IMAGINE NATION Trade Dress, and (iv) the NSI Product Names, and that Big Ideas be ordered to deliver up to NSI for destruction all plates, molds and other means of making the aforesaid products, packaging, written or printed materials;

4.    That Big Ideas account to NSI for all gains, profits and advantages realized by Big Ideas by reason of Big Ideas' acts herein alleged;

5.    That, based on the deliberate and willful acts of Big Ideas, the award to NSI be increased as provided for under 15 U.S.C. § 1117;

6.  That Big Ideas deliver up for destruction all Counterfeit Products in Big Ideas' possession or control and all means of making the same, in accordance with 15 U.S.C. § 1118;

7.  That, based on the deliberate an willful acts of Big Ideas, NSI recover its attorneys' fees and its costs and disbursements herein;

8.  That statutory damages be awarded for use of a counterfeit mark pursuant to 15 U.S.C. § 1117(c); and

9.  That NSI have such further relief as this Court may deem just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims

Dated: February 13, 2007                    KELLEY DRYE & WARREN LLP

                                            Jonathan K. Cooperman (JC-1804)
                                            Matthew D. Marcotte (MM-1530)
                                            101 Park Avenue
                                            New York, NY 10178
                                            (212) 808-7800

                                            Attorneys for Plaintiff
                                            NSI International Inc.